IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SIDNEY MANDRELL HALL, | ) | |
| | ) | Civil Action No. 4:09-70058-TLW |
| Petitioner, | ) | Criminal No. 4:06-475-TLW |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Sidney Mandrell Hall. ("Petitioner" or "Defendant"). On April 26, 2006, Defendant was charged in a six count Indictment. (Doc. # 16). Pursuant to a signed plea agreement, Defendant pled guilty to Count four, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), on June 4, 2007. (Doc. # 68 and # 72). Sentencing was held before this Court on May 28, 2008. On June 25, 2008, judgment was entered. (Doc. # 111). Petitioner was sentenced to a term of one hundred ten (110) months. Petitioner filed notice of appeal on June 3, 2008. (Doc. # 108). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, and the mandate was issued on August 26, 2008. (Doc. # 115).

      Petitioner filed the present action on April 27, 2009. (Doc. # 117). The United States of America ("Government") filed its response in opposition to Petitioner's motion for relief under 28 U.S.C. § 2255 and filed a motion for summary judgment on June 12, 2009. (Docs. # 126 and # 127). Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised

1

by Order filed June 23, 2009 that he had thirty-four days to file any additional material in opposition to the Government's motion for summary judgment. (Doc. # 128). Petitioner filed no additional documents. This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 126 and # 127). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient

showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner has filed this action asserting several claims, all of which are based upon ineffective assistance of counsel. His claims, set forth verbatim, are as follows:

> Ground one: Petitioner's counsel deprived him of effective assistance of counsel and due process of law at sentencing by failing to object to the two level enhancement of reckless endangerment pursuant to § 3Cl.2.
>
> Ground two: Petitioner's counsel deprived him of effective assistance and due process of law by failing to advise petitioner of the sentencing guidelines.
>
> Ground three: Petitioner's counsel deprived him of effective assistance of counsel and due process of law by failing to argue for downward adjustment role under section § 3B1.2.
>
> Ground four: Petitioner's counsel was ineffective for failing to file a motion to suppress and raise a meritorious suppression issue.

(Pet. at p. 5-8).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

4

**Ground One**

Petitioner first asserts that counsel was ineffective for failing to object to the two-level sentencing enhancement for reckless endangerment pursuant to § 3C1.2. Petitioner notes that if counsel had objected, then the government would have had to set forth proof that "petitioner's 'Reckless' alleged in the presentence report created a substantial risk of death or serious harm to the officers." (Memo at 5). Petitioner argues that counsel's failure to object permitted the Government to "bypass that requirement." Id. Petitioner continues, "[A]lthough it was alleged that [Petitioner] backed his vehicle into the officers vehicle, there was no evidence in the record and it was not alleged in the report, that petitioner created a substantial risk of death or serious bodily injury to the officers in backing his vehicle into the officers vehicle during flight." Id. at 8. Petitioner argues that there was no evidence of reckless endangerment because, "The PSR contains no information that any of the officers claimed that they were almost and/or ran over; had to dodge petitioner's vehicle from being hit; or was actually inside their vehicle during the alleged backing into their vehicle." Id. at 10. Petitioner finds it pertinent that, "In fact, the PSR stipulated in paragraph 11, that the officers were out of their vehicle while approaching petitioner's vehicle." Id. Finally, Petitioner concludes that "whats missing here is what actually put the officers at risk of death or serious bodily injury." Id.

Contrary to Petitioner's assertion, the facts as recounted by Petitioner describe a textbook example of a defendant recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. See e.g. U.S. v. McCrea, 165 Fed. Appx. 270 (4th Cir. 2006), U.S. v. Pierce, 388 F.3d 1136 (8th Cir. 2004), U.S. v. Acevedo-Bruce, 209 Fed.Appx. 197 (3rd Cir. 2006). The PSR states,

> After the transaction, the defendant entered his white Explorer and began to leave, when officers pulled behind the defendant and activated their blue light and siren.

5

> Two officers left their vehicle and approached the defendant's vehicle. As the officers were walking up to the defendant's vehicle, the defendant backed his vehicle into the officer's vehicle, jumped from his vehicle, and began to run on foot. Officers began to chase the defendant. The force from the defendant's vehicle knocked Officer Richardson's vehicle into reverse and it began to go backwards. An officer ran around the vehicle, opened the door, and jumped into the vehicle bringing it to a stop. The defendant's vehicle continued to roll around in circles until it was stopped by the raised curve and a shopping cart in the parking lot.
>
> (PSR at ¶ 11).

Petitioner's attorney stated that the activity discussed supra "clearly fits within reckless endangerment. An objection would have been a waste of time." (Aff. Of Nathaniel Roberson). In reviewing the record, this Court concludes that the determination by Petitioner's attorney that there was no basis for an objection on this ground was not objectively unreasonable. Moreover, given the weight of the evidence and the nature of the facts in the record, the Petitioner cannot argue that he has suffered any prejudice.

**Ground Two**

Petitioner next asserts that counsel was ineffective for failing to advise him of the sentencing guidelines. First, he argues that counsel failed to inform him that "there was a possibility that this Court could apply a two level sentence enhancements for reckless endangerment during flight pursuant to 3C1.2 and for possessing a firearm in connection to the offense pursuant to 2D1.1(b)(1)." (Memo at 13). Petitioner also argues that counsel failed to inform him that his drug amount could be increased from the conversion of seized money and "from the uncorroborated and untested assertions of cooperating government witnesses . . . ." Id. Petitioner notes that had he been properly advised on these matters, he would have proceeded to trial. He notes that he does not seek to withdraw his guilty plea but "seeks specific performance of only his sentence." Id.

First, this Court notes that seven different attorneys are of record as representing Petitioner at some point during his prosecution. The Government has submitted sworn affidavits from three of those attorneys. First, Attorney Nathaniel Roberson states, "I also explained to the defendant the impact that Sentencing Guidelines would have on his sentence and I gave him a full explanation based on the PSI." (Aff. of Nathaniel Roberson). Next, attorney Terence A. Quinn states that he represented Petitioner on behalf of Edward E. Saleeby on several occasions while Msr. Saleeby was going through numerous surgeries. (Aff. of Terence A. Quinn). Mr. Quinn notes, "Both Mr. Saleeby and I went over the sentencing guidelines with the Petitioner on at least three occasions. Mr. Saleeby and I traveled to the Dillon County Detention Center in November or December of 2007 and explained the sentencing guidelines in detail to the Petitioner." Id. Finally, Attorney William W. Watkins, Sr. stated,

> On March 21, 2008, I met with Mr. Hall in Dillon for two hours and twelve minutes. We fully discussed the Revised PSR. We discussed the issues that could be covered in a sentencing memorandum. We discussed the cash seized at the time of his arrest and how that amount converted to drug amounts in the PSR. We discussed his actions concerning enhancement for reckless endangerment."

(Aff. of William W. Watkins, Sr.).

Based on the evidence of record, this Court cannot conclude that the representation provided by Mr. Saleeby, or any other attorney, was objectively unreasonable with respect to this issue. Petitioner has submitted no evidence other than his own self-serving statements that he was not properly advised of the Sentencing Guidelines. Moreover, this Court cannot conclude that Petitioner has suffered prejudice on this issue.

**Ground Three**

Petitioner next contends that counsel was ineffective for failing to argue for a "downward adjustment role under Section § 3B1.2." (Memo at 16). Petitioner alleges that he was either a "minimal participant" or a "minor participant" in the criminal activity. Id. He argues that while counsel noted that he was a "small time drug dealer" he did not make a specific request for an adjustment under 3B1.2. Id. at 18. He argues that there was evidence in this case, namely that of co-participants, which explained the relative roles of each person.

While Petitioner notes that there were co-participants, he fails to provide any evidence, which indicates that he was a "minor participant" or "minimal participant" in the drug activity. He merely makes this conclusory statement and then asserts that his counsel was ineffective for not raising the issue. The record reveals that this issue was not raised because there were no facts to support Petitioner's position. The PSR lists a series of instances where Petitioner was involved in the sale of drugs. Additionally, he received a sentence reduction for acceptance of responsibility for readily admitting that on January 28, 2005, he went to sell 50 to 60 grams of cocaine, at which point he was arrested. (PSR at ¶ 31). In all, defendant was held accountable for 2.76 kilograms of powder cocaine. (PSR at ¶ 49). Therefore, it cannot be said that counsel, reviewing the evidence before him, provided objectively unreasonable representation by not asking for a sentence reduction under 3B1.2, where there is no evidence that Petitioner was either a minimal or minor participant in the criminal activity for which his was charged.

**Ground Four**

Finally, Petitioner asserts that counsel was ineffective for failing to raise a meritorious suppression issue. Petitioner states that counsel acted incompetently for failing to move for the suppression of the $19,780.00 recovered from Defendant during his arrest, which the government converted to additional drug weight. (Memo at 21). Petitioner states it was ineffective assistance "given the highly damaging nature of the evidence." Id.

Petitioner's argument is without merit. It is not ineffective assistance of counsel for an attorney to choose not to object to evidence when there is no valid ground for it to be suppressed. Petitioner gives no indication as to why the evidence should have been suppressed. He merely expresses his dissatisfaction with the fact that it was admitted and used to increase the drug weight for sentencing purposes. Petitioner states that if counsel had filed a motion to suppress, "a possibility existed that this evidence would have been suppressed." Id. at 23. Petitioner fails to understand that a meritless motion to suppress, with no evidence to support it, has the same likelihood of being granted as if no motion were filed at all.

Additionally, counsel for Petitioner notes that Petitioner expressed his desire to plead guilty from the first time that they met. (Aff. Of Terence A. Quinn). According to his attorney, Petitioner never requested a trial and primarily was interested in minimizing his exposure at sentencing. Therefore, based upon the record, this Court determines that counsel's representation was not objectively unreasonable. Moreover, given the lack of evidence to support a motion to suppress on this issue, Petitioner has suffered no prejudice.

**CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 117), is **DENIED**, the Government's motion for summary judgment is **GRANTED**,

(Doc. # 127), and this action is **DISMISSED**, with prejudice. Additionally, Petitioner's Motion to Receive Legal Proceedings is **DENIED**. (Doc. # 116). Petitioner's request for a hearing is **DENIED.**

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____  
TERRY L. WOOTEN  
United States District Judge

April 8, 2010  
Florence, South Carolina